IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3075-FL

| | | |
|---|---|---|
| RAYMOND R. JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JUSTIN ANDREWS, HUGH HURWITZ, | ) | |
| ROD ROSENSTEIN, DONALD J. | ) | |
| TRUMP, UNITED STATES | ) | |
| PROBATION OFFICE, and | ) | |
| SUPERIVSED RELEASE OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a former federal inmate proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging defendants violated his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. The matter is before the court for frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915.

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist."

Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Here, plaintiff's complaint challenges his judgment of conviction and the execution of his sentence. On October 31, 2018, the United States District Court for the Middle District of North Carolina determined petitioner violated the terms of his supervised release and sentenced petitioner to 13 months' imprisonment and six months' supervised release. United States v. Jennings, No. 1:17-CR-161-CCE-1 (M.D.N.C. Oct. 31, 2018). Plaintiff's complaint alleges he is "unlawful[ly] incarcerat[ed]" because federal prosecutors and the Middle District of North Carolina violated his due process rights during the revocation proceedings. (Compl. (DE 1) § V). Plaintiff further alleges that he is eligible for immediate release because the First Step Act of 2018 mandates recalculation of his good conduct sentencing credits and requires the Federal Bureau of Prisons ("BOP") to place plaintiff in home confinement.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a

federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court later clarified that Section 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). In Wilkinson, the Court emphasized that habeas corpus was the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81-82.

Plaintiff's claims alleging the Middle District of North Carolina "unlawfully" sentenced him to a term of imprisonment would necessarily call into question the validity of plaintiff's conviction and sentence. Similarly, plaintiff's claim that the BOP failed to award him good conduct sentencing credits would "demonstrate the invalidity of" the duration of plaintiff's confinement. See Neff v. MCI-H, 99 F. App'x 479, 480 (4th Cir. 2004) (affirming dismissal of civil rights claim challenging miscalculated release date as Heck-barred); see also Clemente v. Allen, 120 F.3d 703, 704 (7th Cir. 1997) (per curiam). And where plaintiff has not demonstrated the revocation judgment has been reversed on direct appeal or otherwise called into question by issuance of a writ of habeas corpus, these claims are not presently cognizable in a Bivens action. See Wilkinson, 544 U.S. at 81-82.

Assuming without deciding that plaintiff's claim that the BOP is "required" to place him on home confinement is not Heck-barred and is otherwise cognizable under Bivens, the claim fails on the merits. The First Step Act amended 18 U.S.C. § 3624(c)(2) to provide:

> Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of

imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2); First Step Act of 2018, Pub. L. No. 115-391, § 602, 132 Stat. 5194, 5238. This provision states that the BOP shall place certain prisoners on home confinement "to the extent practicable" for the maximum time allotted. Thus, contrary to plaintiff's claim, the First Step Act does not "require" the BOP to place him on home confinement. See also United States v. Lowe, No. 1:15-CR-11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 16, 2019).

Based on foregoing, the court DISMISSES this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Petitioner's claims are dismissed without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of November, 2019.

                                            LOUISE W. FLANAGAN
                                            United States District Judge